IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNDA ROBERTSON, parent and as guardian ad litem for C.R., a minor child<br><br>Plaintiff,<br><br>v.<br><br>CHAD SADJAK<br><br>Defendant. | Case No. CV-09-136-S-BLW<br><br>**O R D E R GRANTING IN PART AND DENYING IN PART AS MOOT MOTION TO DISMISS; GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE EXPERT TESTIMONY; DENYING MOTION TO EXTEND** |

Before the Court is Defendant Chad Sajdak's ("Defendant" or "Sajdak") Motion to Dismiss ("Motion to Dismiss"); Plaintiff Lynda Robertson's, parent and as guardian ad litem for C.R., a minor child ("Plaintiff" or "C.R."), Motion to Amend the Amended Complaint ("Motion to Amend"); Defendant's Motion to Exclude the Trial Testimony of Michael Djernes, M.D., Robert FitzGibbons, M.D., Mark Conlin, R.P.T., David Beaufort and Barbara Quattrone, M.D. ("Motion to Exclude"); and Plaintiff's Motion to Extend Deadlines for the Disclosure of Plaintiff's Expert Witnesses ("Motion to Extend").  After having considered the moving, opposing, supplemental opposing and reply papers thereon, as well as oral argument by the parties, the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART AS MOOT; the Motion for Leave is GRANTED; the Motion to Exclude is GRANTED IN PART AND DENIED IN PART; and the MOTION TO EXTEND is DENIED.

## I. BACKGROUND

### A. Amended Complaint

This action pertains to a snowmobile collision which occurred on February 11, 2003. C.R. was 11 years old at the time of the crash. Plaintiff, acting as guardian ad litem for her minor child C.R., alleges that Defendant Sajdak negligently operated a snowmobile and injured C.R. Plaintiff alleges that the Robertson family was snowmobiling in Island State Park, with C.R. riding on the back of a snowmobile driven by his father. C.R. was then struck by another snowmobile driven by Sajdak, and C.R.'s right leg, right side, and right hand were injured. Plaintiff alleges that Sajdak was operating the snowmobile while under the influence of alcohol, drugs, or other intoxicating substance. C.R. underwent multiple surgeries and now has a permanent partial disability in his right leg; hip problems; and neurological problems with his right hand. Plaintiff asserts causes of action for negligence and negligence *per se* in the Amended Complaint.

### B. Scheduling Order

The Scheduling Order in this action states that all motions to amend pleadings and join parties shall be filed on or before March 10, 2010; discovery shall be completed by April 19, 2010; and all dispositive motions shall be filed by May 28, 2010.

For experts, the scheduling order sets forth the following dates: Plaintiff shall disclose experts on or before January 29, 2010; Defendant shall disclose experts on or before February 26, 2010; rebuttal experts shall be identified on or before March 19, 2010; and all expert discovery shall be completed by April 23, 2010. The Scheduling Order specifically states that the expert report set forth in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b), shall be provided by the deadline for disclosure of expert witnesses.

There is no trial date currently set.

## III. MOTION TO DISMISS AND MOTION FOR LEAVE

Defendant filed a Motion to Dismiss on the basis that (1) Plaintiff Lynda Robertson's claims brought in her own right are barred by the applicable statute of limitations; and (2) Plaintiff Lynda Robertson no longer has the capacity to bring suit as the guardian ad litem for C.R. because C.R. is no longer a minor. On March 1, 2010, the date when Plaintiff's response to

the Motion to Dismiss was due, instead of filing said response Plaintiff filed a Motion to Amend the Amended Complaint. To the extent that the Motion to Amend only seeks to substitute "Clint Robertson" as Plaintiff for "Lynda Robertson, as Parent and as Guardian Ad Litem for C.R., a minor child," Defendant does not oppose the motion.

### A.  Legal Standard

#### 1.  Motion for Leave to Amend Pursuant to Rule 15(a)

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.* (citation omitted); *see Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

The United States Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980; *accord Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Futility of amendment can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

#### 2.  Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has

adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Id.* at 1968.  If the complaint "lacks a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory," it must be dismissed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under a 12(b)(6) motion analysis, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699.  Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.  Discussion**

The Court first turns to the Motion to Amend, as it would nullify one of the bases for the Motion to Dismiss.  The Motion to Amend seeks only to file a Second Amended Complaint to reflect that "Plaintiff C.R. is Clint Robertson," has now reached his age of majority, and is no longer in need of a guardian ad litem.  Mot. to Amend, Decl. R. Gates, at ¶¶ 2-3.  Leave to amend is freely given when requested within the terms of the scheduling order.  Here, Plaintiff requested amendment on March 1, 2010, prior to the Scheduling Order's March 10 deadline.

None of the factors warranting denial of leave to amend–undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party–apply here.  *See Foman*, 371 U.S. at 182.  Plaintiff, who was a minor when the suit was filed, is no longer a minor.  Defendant does not allege that Plaintiff in any way delayed the amendment, and in fact do not oppose the substitution of Chris Robertson for Lynda Robertson, as guardian ad litem for C.R.  The Motion to Amend is GRANTED.

4

Grant of the Leave to Amend narrows the Motion to Dismiss to one issue: whether Lynda Robertson's negligence claims are barred by the statute of limitations.  The Amended Complaint caption lists Plaintiff Lynda Robertson *both* as "parent" and as "guardian ad litem."  Plaintiff seeks some damages that appear to be sought by Lynda as a parent.  To the extent that Plaintiff wishes to substitute in Chris Robertson but still maintain claims for Lynda Robertson as Chris' parent, which is not clear from the Motion to Amend, Defendant argues that claims by Lynda as parent are barred by the statute of limitations for torts.  At oral argument, Plaintiff's counsel indicated that he wished to either file a separate action or seek leave to amend the complaint to add a claim by Lynda for breach of a contract she had made with the insurance adjuster regarding the resolution of her individual claims.  Whether leave to amend would be granted at such a late juncture is not before this Court, however, as Plaintiff neither submitted any opposition to the Motion to Dismiss nor indicated in the Motion to Amend any desire to add a contract claim.  Under Local Rule 7.1(e), failure to file an opposition may be deemed to constitute a consent to the granting of the motion.  Therefore, the Motion to Dismiss all claims brought by Lynda Robertson personally is GRANTED.

### III.    EXPERT TESTIMONY

The Scheduling Order stated that Plaintiff's expert disclosures, and expert reports, should be filed by January 29, 2010.  The parties agreed to a brief one-week extension, and Plaintiff's disclosures were filed shortly after the agreed upon extension, on February 9, 2010.  The disclosure identifies five expert witnesses.  Three of these expert witnesses, Dr. Michael R. Dejernes, M.D., Dr. Robert F. FitzGibbons, and Mark Conlin, R.P.T., are medical professionals who have directly treated defendant.  The fourth witness, David R. Beaufort, is identified as "a traffic engineer and accident reconstructionist."  Pl.'s Expert Witness Disclosure, at ¶ 4.  The substance of his testimony, as described by Plaintiff, is "[h]e may testify as to how the accident occurred and the various speeds and forces involved with the two snowmobiles.  He may testify that Defendant's snowmobile, during the accident, was moving forward into Plaintiff's snowmobile."  *Id.*  The fifth witness, Dr. Barbara Quattrone, M.D., is introduced by Plaintiff as being able to provide an independent medical opinion because she has not examined or treated

Plaintiff in the past. Plaintiff identifies Dr. Quattrone's testimony as that she "may testify as to Clint Robertson's injuries to his leg and hip, his prognosis for continued treatment and potential surgeries, potential for arthritis in his leg, what his functional limitations are, including those limited by his physical discomfort, his prognosis for the use of his leg and hip, the extent of any impairment, the effects of his injuries on his ability to work, and any future medical treatment he is likely to require." *Id.* ¶ 5.

Defendant argues that the expert disclosure was insufficient and that, as a sanction, Plaintiff should be barred from bringing all the experts as witnesses at trial. Plaintiff has also brought a motion asking that the Deadlines for the Disclosure of Plaintiff's expert witnesses be extended to April 2, 2010.

The Court first looks to whether the expert disclosure provided by Plaintiff was insufficient, and if so, whether there is good cause to extend the expert disclosure deadline or whether the expert testimony should be barred at trial.

### A.     Legal Standard

#### 1.     Modifying the Scheduling Order Pursuant to Rule 16(b)

Rule 16(b) of the Federal Rules of Civil Procedure provides that a court's scheduling order may be modified "upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).   Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 609 (N.D. Cal. 1999).  Federal courts have interpreted this rule such that a party may establish "good cause" by showing:

> (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order . . . ; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent

that [it] could not comply with the order.

*Id.* at 608 (citing *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)).

**2.      Requirements of Federal Rule of Civil Procedure 26**

Rule 26(a)(2) states:

> (2) Disclosure of Expert Testimony.
>
> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the data or other information considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;
> >
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.

1    The purpose of the disclosure requirements set for tin Rule 26(a)(2) is to "prevent surprise
2 testimony by ensuring that opposing parties are aware of the nature of the expert opinions prior to
3 trial." *DR Systems, Inc. v. Eastman Kodak Co.*, 2009 WL 2982821, at *3 n. 2 (S.D. Cal. Sept. 14,
4 2009) (citing *Britz Fertilizers, Inc. v. Bayer Corp.*, 2009 WL 1748775, *3 (E.D. Cal. June 17,
5 2009).

6    **3.    Sanctions under 37(c)(1)**

7    Federal Rule of Civil Procedure Rule 37(c)(1) states: "If a party fails to provide
8 information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to
9 use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless
10 the failure was substantially justified or is harmless."  "Rule 37(c)(1) gives teeth to [the Rule
11 26(a) disclosure] requirements by forbidding the use at trial of any information required to be
12 disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor
13 Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Rule 37(c)(1) is recognized as a broadening of the
14 sanctioning power and a rule that is "self-executing" and "automatic." *Id.*  Two express
15 exceptions to the sanction exist: "The information may be introduced if the parties' failure to
16 disclose the required information is substantially justified or harmless." *Id.*

17    **B.    Discussion**

18    Three of the listed experts, Dr. FitzGibbons, Dr. Djernes, and Mark Conlin, R.P.T., have
19 treated Plaintiff and, according to the affidavit of Plaintiff's counsel, only plan to testify
20 regarding their observations in treating plaintiff.  While they were disclosed as experts, they did
21 not prepare an expert report.  The Advisory Committee Notes to Federal Rule of Civil Procedure
22 26(b)(4) state "'[an] expert whose information was not acquired in preparation for trial but rather
23 because he was an actor or viewer with respect to transactions or occurrences that are part of the
24 subject matter of this lawsuit . . . should be treated as an ordinary witness.'" *Muffley v. Gem
25 County*, Case No. CV-05-446-S-BLW, 2007 WL 2071728, at *4 (D. Idaho July 17, 2007)
26 (Winmill, J.).  Consistent with the Advisory Committee Notes, under Rule 26(b)(4), treating
27 physicians should be permitted to testify to their observations regarding diagnosis, treatment, and
28 prognosis without providing an expert report. *See Fieden v. CSX Transp. Inc.*, 482 F.3d 866,

870-71 (6th Cir. 2007); *Watson v. United States,* 485 F.3d 1100, 1107 (10th Cir. 2007); *Henricksen v. ConocoPhillips Co.*, 605 F.Supp.2d 1142, 1159 (E.D. Wash. 2009); *Klausman v. CSK Auto Inc.*, 2008 WL 5504709, at *4 (W.D. Wash. 2008) (noting, "the plain language of the rule could not be clearer: a treating physician, called upon to give expert testimony, is not required to prepare a report"). Plaintiff appropriately identified the two physicians and the physical therapist as experts but did not submit an expert report for them because Plaintiff was not obligated to do so.

Defendant is concerned that the treating physicians, particularly Dr. Djernes, plan to testify as to causation. In other words, that they plan to testify that Plaintiff's injuries were caused by the snowmobile accident. However, this Court has held that the scope of the subjects to which a treating physician may testify without being required to provide a Rule 26 expert report extends to causation "so long as that testimony is related to the care and treatment of the patient." *Muffley*, 2007 WL 2071728, at *4. Should it later become apparent from deposition testimony that the causation opinions are not related to Plaintiff's care, Plaintiff may challenge such an opinion through an *in limine* motion prior to trial. Defendant's Motion to Exclude the testimony of Dr. FitzGibbons, Dr. Djernes, and Mark Conlin is DENIED.

As for Dr. Quattrone, she was specifically engaged to perform an independent medical examination on Plaintiff. David Beaufort was also specially engaged for this litigation as an accident reconstructionist. These experts are within the scope of Rule 26(b)(4) and the Scheduling Order, and Plaintiff was obligated to provide expert reports setting forth the opinions of those two experts by the disclosure deadline of January 29, 2010, which they stipulated to extend by a week. As of the date of oral argument, April 6, 2010, Plaintiff had still not provided a report for Dr. Quattrone. Plaintiff produced the report of Beaufort on March 4, 2010. Therefore, Plaintiff did not comply with the Scheduling Order deadline as to Dr. Quattrone and David Beaufort. The question, then, is whether Plaintiff should be sanctioned for the failure to provide a timely expert report through the exclusion of Dr. Quattrone and Beaufort as witnesses, or whether the failure was substantially justified or harmless. It is Plaintiff's burden to show that the failure meets one of these two exceptions. *Yeti by Molly*, 259 F.3d at 1107.

9

Plaintiff states that the Beaufort expert report could not be supplied by the first week of February because Beaufort required the exact model of Defendant's snowmobile before he could complete his report and the exact model information was not disclosed by Defendant until February 15, 2010.  However, Defendant provided deposition testimony of Defendant Sajdak on December 10, 2009, in which the model of the snowmobile was provided.  As an alternate justification for the delay, Plaintiff argues that he was not aware that liability was disputed because it had been conceded by the insurance adjuster; however, this was never conceded by counsel and the Answer clearly disputed liability.  The Court cannot credit Plaintiff's argument that he was justified in ignoring the Answer because it asserted what he believed were frivolous, boilerplate affirmative defenses.  The Answer put Plaintiff on notice that liability was disputed.

The Beaufort expert report was provided by March 4, 2010, only fifteen days before the deadline for identification of rebuttal experts, which would have put Defendant under tremendous pressure to produce a rebuttal expert.  The rebuttal expert deadline has now passed, and the expiration of expert discovery is only a little over two weeks away.  *Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215 (9th Cir. 2009) (affirming exclusion of expert testimony where court would have had to reopen discovery and extend period for rebuttal reports because expert report issued after close of discovery).  The failure to meet the deadline was not substantially justified and caused harm to Defendant.  The Motion to Exclude the Testimony of Beaufort is therefore GRANTED.

Plaintiff states that the Dr. Quattrone expert report could not be submitted in a timely manner because Plaintiff was not able to schedule an appointment with the doctor prior to the disclosure date.  Plaintiff also commits that the Defendant's expert reports, which were disclosed on February 26, 2010, will not be shown to Dr. Quattrone when she is preparing her report.  Plaintiff argues that the failure was harmless because there is enough time remaining in expert discovery, which ends April 23, 2010, to produce the reports and conduct depositions.  Plaintiff also indicates a willingness to extend the deposition dates.

The failure to provide the report of Dr. Quattrone was neither substantially justified nor harmless. **Plaintiff justified the delay by stating that Plaintiff is very involved with his school work and activities and had trouble making himself available at a time when the**

**doctor's office was open.  While this is commendable, Plaintiff makes his own priorities, and Defendant should not be prejudiced by these priorities.**  Furthermore, Plaintiff also does not submit any evidence to the Court of when Dr. Quattrone was first approached for an appointment, so the fact that Plaintiff was not able to meet with her before the deadline carries little meaning.  In addition, the appointment with Dr. Quattrone was scheduled for March 23, 2010, *after* the deadline for the identification of rebuttal reports in the Scheduling Order of March 19, 2010.  Therefore, the rebuttal reports period would have to be extended in order to avoid prejudice to Defendant.  Disruption to the schedule of the court and other parties constitutes harm.  *See Jarritos, Inc.*, 345 Fed. Appx. at 215 (citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

      Plaintiff also attempts to circumvent the failure to prepare the expert reports by requesting that the Scheduling Order be amended to extend the deadline for disclosure of expert reports pursuant to Rule 16(b).  Under Rule 16, once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (good cause exists "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  It is the moving party's burden to show that good cause exists.   This analysis primarily looks to the diligence of the parties.  The Court cannot find that Plaintiff was diligent in asking for an extension, as the request was made after the Scheduling Order deadlines had passed, even though it was foreseeable to Plaintiff that the deadlines could not be met, and almost one month after Defendant moved to strike the expert testimony.  Additionally, for the same reasons that the Court cannot find that Plaintiff has shown substantial justification, the Court cannot find good cause.  The Motion to Extend is DENIED.

**IV. DISPOSITION**

For the foregoing reasons, the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART AS MOOT; the Motion for Leave is GRANTED; the Motion to Exclude is GRANTED IN PART AND DENIED IN PART and the MOTION TO EXTEND is DENIED.

IT IS SO ORDERED.

DATED: April 7, 2010

_____

DAVID O. CARTER

United States District Judge