IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNDA ROBERTSON, parent and as guardian ad litem for C.R., a minor child<br><br>Plaintiff,<br><br>v.<br><br>CHAD SADJAK<br><br>Defendant. | CASE NO. CV-09-136-S-BLW<br><br>O R D E R DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |

Before the Court is Plaintiff Clint Robertson's Motion for Reconsideration to the Court's Order Excluding Plaintiff's Expert Witness David Beaufort, Dkt. 48, and Motion for Reconsideration to the Court's Order Excluding Plaintiff's Expert Witness Dr. Quattrone, Dkt. 49. After having considered the moving, opposing, and reply papers thereon, the Motions for Reconsideration are DENIED.

**I.   BACKGROUND**

This action pertains to a snowmobile collision which occurred on February 11, 2003. Clint Robertson was 11 years old at the time of the crash. Clinton Robertson, who was originally represented by his mother acting as guardian ad litem for her minor child C.R., has now been substituted as Plaintiff. Plaintiff alleges that Defendant Sajdak negligently operated a snowmobile and injured him.

1    Plaintiff's expert disclosures in this matter were due on January 29, 2010.  Following these
2 disclosures, Defendant brought a Motion to Exclude the testimony of the five experts identified in
3 these disclosures.  After a hearing on the motion on April 6, 2010, the Court ruled on the motion
4 on April 7, 2010.  The Court denied the Motion to Exclude as to the experts Dr. Michael R.
5 Dejernes, M.D., Dr. Robert F. FitzGibbons, and Mark Conlin, R.P.T., on the basis that they did
6 not have to follow the Rule 26 expert report disclosure requirements as treating physicians or
7 professionals.  The Court granted the Motion to Exclude the remaining two experts, Dr. Barbara
8 Quattrone and David Beaufort.  Dr. Quattrone was identified as providing an independent
9 medical opinion as to Clint Robertson's injuries, and Beaufort was identified as a traffic engineer
10 and accident reconstructionist who would testify as to his opinion about how the accident
11 occurred.   The Court found that Dr. Quattrone and Beaufort were experts within the scope of
12 Rule 26(b)(4) and the Scheduling Order and that Plaintiff had wholly failed to provide expert
13 reports setting forth the opinions of those two experts by the disclosure deadline.  The Court
14 further found that Plaintiff's failure to disclose the required information under Rule 37(c)(1) was
15 neither substantially justified nor harmless.
16    Plaintiff has now brought the instant Motions for Reconsideration of the Court's ruling to
17 exclude the testimony of Dr. Quattrone and Beaufort.  While Plaintiff originally brought the
18 motion under Rule 72, which only applies to rulings by magistrate judges, Plaintiff states in his
19 reply that the motion should have been brought under Rule 59(e), which pertains to motions to
20 alter or amend a judgment.

21    **II.    DISCUSSION**

22    In requesting the reconsideration of the Court's exclusion of Dr. Quattrone's testimony,
23 Plaintiff submitted a declaration from Dr. Quattrone.  The declaration states that (1) she was
24 contacted by Plaintiff on February 4, 2010; (2) that the first available appointment for Plaintiff
25 was on March 23, 2010; (3) she had a previously scheduled trip from March 25, 2010 through
26 April 4, 2010; and (4) on April 5, 2010, her stepmother died, which has delayed her completion
27 of her expert report.  Quattrone Decl. ¶¶ 2-6.  The expert disclosure report in this action was due
28 on January 29, 2010, which the parties mutually agreed to extend by a week.  Quattrone's

declaration adds nothing by way of an explanation as to why Plaintiff delayed in initially contacting her until *after* the original court deadline for expert reports on January 29. If anything, it reinforces the Court's conclusion that Plaintiff knew he would not be able to meet the Court's deadline for either initial experts, which was one week after January 29, or rebuttal experts, which was March 19, prior to those deadlines passing and inexplicably failed to file a motion to extend those deadlines until after they had passed and he had submitted an inadequate expert disclosure. The Motion to Reconsider the Court's exclusion of Dr. Quattrone's testimony is DENIED.

As to the testimony of Beaufort, Plaintiff has presented declaration of Beaufort in support of the Motion for Reconsideration. In holding that the Beaufort testimony should be excluded, the Court rejected Plaintiff's argument that he contacted Beaufort on a late basis because he was not aware that liability was disputed. The Court also rejected the Plaintiff's claim that the exact model information was not disclosed by Defendant until February 15, 2010 because Defendant provided deposition testimony from December 10, 2009 identifying the model of the snowmobile. The Beaufort declaration Plaintiff has now provided states, *inter alia*, that the description of the snowmobile as a Summit model with an 800 cc engine, provided by Defendant in his deposition on December 10, 2009, was insufficient. Beaufort Decl. ¶ 4. Beaufort states that he still does not have sufficient model information. *Id.* ¶ 7. This is inconsistent with the representations by Plaintiff's counsel in its opposition to the original Motion to Exclude, which stated that Defendant had disclosed the model number on February 15, 2010. In addition, the Court notes that Plaintiff does not provide any evidence that he did not have all of this information when the expert disclosure deadline passed or at the hearing on April 6, 2010. Furthermore, counsel was on notice that this was at issue through the briefing on the Motion to Exclude because Defendant provided the deposition testimony from December 2009 in his papers. Counsel's failure to articulate this issue earlier, either through a motion to modify the scheduling order *prior* to the passing of the dates, or by rebutting Defendant's claim through the briefing or oral argument on the Motion to Exclude, is not substantially justified and further confirms a lack of diligence. Furthermore, the delay is even more harmful at this time than it was at the time of the Court's

original ruling because expert discovery has now closed and the dispositive motion deadline is on May 28, 2010, less than a month away. The Motion to Reconsider the Court's exclusion of the testimony of Beaufort is DENIED.

### IV. DISPOSITION

For the foregoing reasons, the Motions for Reconsideration of the Court's Order Excluding the Expert Testimony of Dr. Quattrone and Beaufort are DENIED.

IT IS SO ORDERED.

DATED: May 4, 2010

_____
DAVID O. CARTER
United States District Judge